# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **TONY RAY ORMS,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | No. CIV-06-1424-D |
| ) | |
| **JOSEPH D. SCIBANA, Warden,** ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION

Petitioner, a federal prisoner presently incarcerated at the Federal Correctional Institution (FCI) in El Reno and appearing pro se, brings this action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241, asserting that his "Constitutional or statutory rights" have been violated because he has been denied credit which he is entitled to have applied to the federal sentence he is currently serving. Respondent has filed a response [Doc. No. 9] and Petitioner has filed a reply [Doc. No. 11], placing the matter at issue. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B). For the reasons set forth below, the undersigned finds that Petitioner is not entitled to have additional time credited to his federal sentence and therefore recommends that the petition be denied.

Background

According to the record before this Court, Petitioner was convicted of assault, a Class A misdemeanor, in Angelina County, Texas, on August 19, 2003. Petition, pp. 2-3, ¶7 (unpaginated) and Ex. 1 (*State of Texas v. Tony Ray Orms*, Cause No. 03-0458, "Judgment-

Misdemeanor-Community Supervision," dated August 19, 2003). Petitioner received a one-year suspended sentence and was placed on "community supervision" (probation) with conditions for two years. *Id.* On December 17, 2003, Petitioner was arrested by authorities in Jasper County, Texas, on state drug and firearms charges.[1] Petition, p. 2, ¶5. Pursuant to a bench warrant issued by Angelina County, Petitioner was transferred from Jasper County to Angelina County on August 9, 2003, to resolve allegations regarding the violation of his probation. Petition, p. 2, ¶7. Petitioner's probation was revoked, and on September 13, 2004, he was sentenced to one year in the Angelina County jail with 346 days credited to such sentence. Petition, pp. 2-3, ¶8 and Ex. 2 (*State of Texas v. Tony Ray Orms*, No. 24, 068, "Judgment of Conviction by Court; Sentence to Angelina County Jail").

Petitioner states that on September 27, 2004, he was transferred from the custody of the Angelina County authorities to the United States Marshals Service ("USMS"). Petition, p. 3. While Petitioner was in federal custody, state authorities notified the USMS that Petitioner had satisfied the Angelina County sentence on September 27, 2004. Petition, Ex. 4. On September 14, 2005, Petitioner entered a plea of guilty to possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1), in the United States District Court for the Eastern District of Texas and was sentenced on that date to a term of 60 months of imprisonment. Petition, p. 1 and Ex. 4.

---

[1] According to Petitioner, "[t]he Jasper County criminal proceedings w[ere] dropped in favor of granting Federal government prosecution on the related charges he was originally arrested for on December 17, 2003." Petition, p. 3, ¶9.

The Bureau of Prisons ("BOP") concluded that Petitioner's federal sentence began on September 14, 2005, the day it was imposed, and credited his federal sentence 350 days for his time in federal custody from September 28, 2004, the day after he was released from his state sentence, to September 13, 2005, the day before his federal sentence was imposed. Petition, p. 3 and Ex. 4.

Petitioner's Claim

In this action, Petitioner asserts that he is entitled to 238 days additional credit toward his federal sentence pursuant to 18 U.S.C. § 3585(b) for time he spent in pretrial detention from December 17, 2003 (the date of his arrest in Jasper County) until August 9, 2004 (when he was transferred from Jasper County to Angelina County, Texas). Petition, p. 3, ¶10; p. 4, ¶11. Petitioner acknowledges that he received credit for that time on his Angelina County sentence, but he essentially argues that such credit was contrary to Texas state law and that he is therefore entitled to have such time credited to his federal sentence. Petition, pp. 4-5. Respondent admits that Petitioner has exhausted his administrative remedies pursuant to 28 C.F.R. § 542 and contends that the BOP has properly computed Petitioner's federal sentence.

For the reasons set forth hereafter the undersigned finds that because Petitioner received credit on his state sentence for the time period in question, 18 U.S.C. § 3585(b) precludes Petitioner from receiving "double credit" by having that time credited to his federal sentence as well. Therefore, the undersigned recommends that habeas relief be denied.

ANALYSIS

Judicial review of the computation of a federal sentence requires a determination of the commencement date of the federal sentence followed by consideration of the extent to which the defendant can receive credit for time spent in custody prior to the commencement of his federal sentence. *Binford v. United States*, 436 F.3d 1252, 1254 (10th Cir. 2006) (citing *Weekes v. Fleming*, 301 F.3d 1175, 1179 (10th Cir. 2002)). "Title 18 U.S.C. § 3585 determines when a federal sentence of imprisonment commences and whether credit against that sentence must be granted for time spent in 'official detention' before the sentence began." *Reno v. Koray*, 515 U.S. 50, 55 (1995).

Petitioner does not challenge the BOP's conclusion that his federal sentence began on September 14, 2005, the date his federal sentence was pronounced, or the BOP's determination that he was entitled to 350 days of prior federal custody credit.[2] The question raised by this action is whether the BOP violated federal law by failing to credit Petitioner's federal sentence with time spent in state custody for which he admittedly received credit on a state sentence. Petitioner claims entitlement to this additional credit based primarily on his contention that the application of this time to his state sentence was contrary to Texas law.[3]

---

[2]When Petitioner was initially taken into federal custody pursuant to a federal writ of habeas corpus *ad prosequendum*, he was "borrowed" from the Texas state authorities. *See* Petition, Ex. 4. Petitioner was not transferred back to state custody, however, because the Texas authorities relinquished custody to the federal authorities on September 28, 2004, based on the completion of his Texas sentence on September 27, 2004. *Id.*

[3]In support of his claim for additional federal credit, Petitioner argues that the Jasper County time was improperly credited to his Angelina County sentence, because (1) his plea agreement in Angelina County did not provide for the application of time spent in Jasper County custody to the Angelina County sentence; (2)
(continued...)

The United States district courts are authorized to grant a writ of habeas corpus to a prisoner who demonstrates he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Petitioner's allegation that the Texas court erred in computing his one-year state sentence and/or that the BOP has misapplied or ignored Texas state law in computing his federal sentence credit is therefore unavailing. Rather, Petitioner's claim of entitlement to federal credit for time in custody is governed by federal statute, 18 U.S.C. § 3585(b), which addresses the award of credits for time spent in "official detention" prior to the date a prisoner's sentence commences. Section 3585(b) provides:

> (b) Credit for prior custody.–A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
>
> > (1) as a result of the offense for which the sentence was imposed; or
> >
> > (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

---

³(...continued)
the judgment in Angelina County directs that the sentence be served in Angelina County; (3) while in Jasper County custody he was still on probation for the Angelina County case and the court could not apply the time to both his probation and the sentence imposed after probation was revoked; (4) he was credited for 346 days although only 236 days were spent in custody in Jasper County; and (5) Angelina County did not have jurisdiction over him while he was in Jasper County and could not properly credit any time in custody prior to his arrest on Angelina County's bench warrant. Petition, pp. 2-5.

The undersigned finds that to the extent Petitioner alleges that the Angelina County court's decision to credit his one-year sentence with the time he spent in Jasper County jail "violates Petitioner's Plea Agreement," Petitioner's Reply, p. 3, such claim is a challenge to the validity of his Angelina County conviction and is not properly raised in this § 2241 challenge of the execution of his federal sentence. Likewise, any challenge to the state court's calculation of credit time, which according to Petitioner, resulted in more time credited on his state sentence than he served in pre-sentence detention, would not be properly included in this challenge to the execution of his federal sentence.

**that has not been credited against another sentence.**

18 U.S.C. § 3585(b)(emphasis added).

Thus, whether or not the Texas courts properly applied such credit under Texas law, Petitioner received the benefit of the credit to his state sentence, and the BOP was statutorily precluded from granting double credit for this time by applying it to his federal sentence.[4] *See United States v. Wilson*, 503 U.S. 329, 334, 337 (1992).

In addition to the state law issues, Petitioner contends that he is entitled to have this time credited to his federal sentence because the time spent in official detention in Jasper County resulted from the same offense for which his federal sentence was ultimately imposed. Petition, p. 3, ¶¶ 9 and 10; Petitioner's Reply, p. 3. However, this argument is likewise unavailing. Even if Petitioner's pre-federal-sentence confinement in the Jasper County jail would otherwise qualify for credit to his federal sentence, the undisputed fact that this period of pre-sentence detention was credited to his state sentence bars its application to his federal sentence. 18 U.S.C. § 3585(b). *See Cathcart v. United States Bureau of Prisons*, No. 99-6424, 2000 WL 554547, *2 (10th Cir. May 4, 2000) (unpublished decision) (affirming district court's dismissal of habeas petition on ground that § 3585(b) prohibited petitioner from receiving credit for time served in federal custody where that time had been

---

[4]Nor does a statement in the Angelina County judgment that the one-year sentence imposed on September 13, 2004, "shall run concurrently with any other sentences" provide the basis for any relief with respect to his federal sentence. Petition, p. 24, ¶¶ 14 and 16; *id.*, Ex. 2, p. 2. It is well established that federal officials are not obligated to follow a state judge's order that state and federal sentences are to be served concurrently. *See, e.g., Leal v. Tombone*, 341 F.3d 427 (5th Cir. 2003) (*per curiam*); *Taylor v. Sawyer*, 284 F.3d 1143, 1149-1153 (9th Cir. 2002); *Jake v. Herschberger*, 173 F.3d 1059, 1065- 1066 (7th Cir. 1999).

credited to his state sentence); *Bluitt v. Flowers*, No. 98-6067, 1998 WL 703024 (10th Cir. Oct. 8, 1998) (unpublished decision) (federal defendant's pre-sentence detention time that had already been credited toward his state sentences cannot be credited again toward his federal sentence under plain language of §3585(b)).[5]

Finally, Petitioner alleges that the BOP "abused [its] administrative duty" by failing to properly follow certain guidelines set forth in BOP Program Statement 5880.28 in calculating his prior custody credit. Petition, pp. 5-6. This argument is also without merit. The portion of PS 5880.28 cited by Petitioner is inapplicable to his case, as it relates to the award of prior custody credits where a "non-federal government" has failed "to grant official detention credits" on a "non-federal sentence." In this case, the applicable "non-federal government" i.e., the State of Texas, has granted "official detention credits" to his "non-federal sentence" imposed by Angelina County. Petitioner clearly fails to show that this BOP policy affects the statutory prohibition in § 3585(b) against double credit for his detention time.

Thus, Petitioner has failed to demonstrate any misapplication of federal law in the BOP's determination that Petitioner has received all the pre-sentence custody credit to which he is entitled. The undersigned finds that BOP officials have correctly calculated the commencement date and prior custody credit of Petitioner's sentence in accordance with the provisions of § 3585 and that Petitioner is not entitled to additional credit on his federal sentence for time spent in state custody. *See United States v. Wilson*, 503 U.S. at 337 (in

---

[5]These unpublished decisions are cited as persuasive authority pursuant to Tenth Circuit Rule 32.1.

enacting § 3585(b), "Congress made clear that a defendant could not receive a double credit for his detention time"); *Weekes*, 301 F.3d at 1178 (finding the petitioner "received credit against his state sentence for all the time served prior to the date his federal sentence commenced . . . . [and he] is not entitled to pre-sentence credit under § 3585(b)"). Accordingly, Petitioner is not entitled to habeas relief.

## RECOMMENDATION

For these reasons, it is the recommendation of the undersigned Magistrate Judge that the petition for a writ of habeas corpus be denied. Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by the 11th day of June, 2008, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1. Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991). This Report and Recommendation disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this 22nd day of May, 2008.

_____
BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE